[Civ. No. 5114. Fourth Dist. Aug. 4, 1955.]

EDNA GOHDES, Respondent, v. HENRY L. GOHDES, Appellant.

Swing, Scharnikow & Staniforth for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

SHELL, J. pro tem.[*]—Appellant herein was the defendant and respondent was the plaintiff in a proceeding under the California Reciprocal Enforcement of Support Act in the Superior Court of San Diego County. Appellant appeals from the decree of that court requiring him to make monthly payments for the support of respondent.

This appeal presents no controversy as to the facts established by the record, which are as follows:

Respondent and appellant were married at Delaware, Ohio, on June 17, 1914. Three children were born of that marriage, each of whom had reached the age of majority before January 7, 1942, on which date, in a divorce proceeding initiated by appellant, the Licking County Court of Common Pleas at Newark, Ohio, denied a divorce, but by decree ordered appellant to pay to respondent $60.60 per month for her support. This order for alimony without divorce is provided for by the Ohio statutes (Ohio Gen. Code, §§ 11997-11999) and is, in effect, comparable to our decree of separate maintenance. On September 28, 1944, the Circuit Court of Dade County, Florida, made its decree of final divorce in an action instituted there

---

[*]Assigned by Chairman of Judicial Council.

by appellant, dissolving the marriage theretofore existing between the parties, which decree made no provision for the support of the wife. Service in that divorce action was by publication of process.

Respondent filed a petition for support under the Uniform Reciprocal Support Act of Ohio (R.C. Ohio, §§ 3115.01 to 3115.15) in the Court of Common Pleas of Franklin County, Ohio, and on April 28, 1954, that court made its findings that since November 11, 1944, appellant had failed to contribute to the support of respondent; that she is unable to work; that she is in need of the sum of $60 per month for her support; that the residence of appellant is at or near Escondido, San Diego County, California.

Under the provisions of the California Uniform Reciprocal Enforcement of Support Act (Code Civ. Proc., §§ 1650-1690) a proceeding was thereafter filed in the Superior Court of the State of California, County of San Diego, and hearing was had on July 8, 1954. The appellant was present, was sworn and examined at said hearing, and was represented by his present counsel. He testified that he now receives $200 per month net pay. At the conclusion of this hearing the trial court, by decree, ordered him to pay $16 per month for the support of his former wife. This decree was entered July 22, 1954.

At the hearing on July 8, 1954, and upon this appeal, appellant urges that the duty of a husband to support his wife is entirely dependent upon the continued existence of the marital status and that therefore his obligation for the support of his former wife was finally terminated by the Florida decree of divorce.

The appellant relies largely upon the case of *Dimon* v. *Dimon*, 40 Cal.2d 516 [254 P.2d 528]. That case did not involve facts which are at all analogous to the facts in the case here on appeal. In the Dimon case the wife was the actor in obtaining a divorce decree in Connecticut on constructive service and the court pointed out that she had an election to seek a divorce without alimony, on constructive service in Connecticut, or to seek a divorce in a jurisdiction where personal service on her husband might be obtained, or of proceeding in a jurisdiction where awards of alimony subsequent to the decree are authorized; that having made such election, the wife could not in California later obtain an award of support for herself. The Dimon case further points out that the Reciprocal Enforcement of Support Act did not become ef-

fective until after the Dimon action was commenced, and that no claim was then being made that it came within the provisions of that act.

■ We believe that the contentions of the appellant here are completely answered by the Supreme Court of California in *Worthley* v. *Worthley,* 44 Cal.2d 465, 468 [283 P.2d 19], in which the court says:

"We must therefore conclude that defendant's obligations under the New Jersey decree were not terminated by the dissolution of the marriage effected by the Nevada court in a proceeding in which personal jurisdiction over plaintiff was not obtained."

■ In the case here on appeal we point out that the decree of January 7, 1942, of the Ohio court, awarding the wife $60.60 per month support was made by a court having jurisdiction over the person of the husband; that under the Worthley case, *supra,* this order could not be terminated by a court of another jurisdiction upon substituted service, and that the superior court of California therefore had jurisdiction, based on personal service of process upon the husband, to make a reasonable order for support of the former wife in a proceeding under the California Reciprocal Enforcement of Support law.

The judgment appealed from is affirmed.

Barnard, P. J., and Mussell, J., concurred.