97 So.2d 1 (1957)
George McStay JACKSON III, Appellant,
v.
Amos HALL, Sheriff, Appellee.
Supreme Court of Florida.
July 24, 1957.
Rehearing Denied October 4, 1957.
Davis, Kirsch & Gorman, Ft. Lauderdale, for appellant.
Richard W. Ervin, Atty. Gen., Jos. P. Manners and David U. Tumin, Asst. Attys. Gen., for appellee.
ROBERTS, Justice.
We are here concerned with the Uniform Reciprocal Enforcement of Support Law, Ch. 29901, Laws of Florida, Acts of 1955, appearing as Ch. 88, Fla. Stat. 1955, F.S.A.  specifically with the interpretation of Sec. 88.071 thereof.
Our Uniform Reciprocal Enforcement of Support Law is based on the Act of the same title approved by the National Conference of Commissioners on Uniform State Laws in 1950, as amended in 1952. *2 The purposes of the Act "are to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto." Sec. 88.021. Our Sec. 88.061 and Sec. 88.071 are the same as Sec. 5 and Sec. 6 of the Act approved by the Commissioners and labelled by them "Part II  Criminal Enforcement". The Act also provides for the civil enforcement of the duty of support in a simplified two-state procedure at a minimum of expense and trouble to the obligee, or to the state if the obligee is indigent. See Thompson v. Thompson, Fla. 1957, 93 So.2d 90.
Sec. 88.061 provides for the interstate rendition of a person to a demanding state to answer a criminal charge of failing to provide for the support of a dependent "although the person whose surrender is demanded was not in the demanding state at the time of the commission of the crime and although he had not fled therefrom." The particular section of the Act here in question, Sec. 88.071, reads as follows:
"Any obligor contemplated by § 88.061, who submits to the jurisdiction of the court of such other state and complies with the court's order of support, shall be relieved of extradition for desertion or nonsupport entered in the courts of this state during the period of such compliance."
The point to be decided on this appeal is whether this particular provision of the Uniform Act is available to an obligor to obtain relief from extradition proceedings brought under the criminal enforcement provisions of the Act in a case where the obligee-resident of the demanding state has not initiated proceedings under the civil enforcement provisions of the Act. The question arose in habeas corpus proceedings filed in the lower court by the appellant, a resident of Broward County, Florida, to obtain relief from extradition to the State of Illinois to answer a criminal charge of nonsupport of his minor child. Illinois has adopted the Uniform Reciprocal Enforcement of Support Law, including a provision identical to Sec. 88.071, supra.
The trial judge was of the opinion that Sec. 88.071, supra (and the analogous provision of the Illinois Act, S.H.A. ch. 68, § 56.2) "is applicable only to cases wherein an order for support under the Uniform Reciprocal Enforcement of Support Law has been promulgated by the demanding state, and that the demanding state has the option of proceeding to extradite the defendant for criminal prosecution in the demanding state." He thereupon discharged the writ and remanded the appellant to the custody of the Sheriff for delivery to the Illinois authorities. This appeal followed.
The trial judge based his order on the decision of the California Supreme Court in Ex parte Floyd, 1954, 43 Cal.2d 379, 273 P.2d 820, 823. In the Floyd case, it was held that the jurisdiction of the court of the responding state to enter a support order stems from the initial civil proceedings commenced by the obligee in the obligee's state of residence, and that the provision of the Act in question did not authorize the obligor to initiate such a proceeding in a court of the state of the obligor's residence. Support for this construction was said to be found in the provision of the statute defining "responding state" as "any state in which any proceeding pursuant to the proceeding in the initiating state is or may be commenced." West's Ann.Code Civ.Proc. § 1653(3). It was also said that, if the view of the obligor in that case were to be sustained, the obligor could obtain immunity from extradition cheaply because "without evidence of the conditions, circumstances and needs of the obligee before the court, insufficient or token support payments might suffice to immunize the obligor from extradition." The California court concluded that "[w]hile either or both courses of action [civil or criminal] may be pursued, the election lies wholly with the demanding state and the obligee; and the obligor may not independently institute an action in the responding state *3 for the purpose of defeating the extradition process."
We find ourselves unable to agree with the California court's interpretation of the Act. The whole purpose of the Act, in both its criminal and civil enforcement aspects, is to compel the obligor to support his dependents and not primarily to subject him to criminal punishment for a past offense. See Commonwealth ex rel. Shaffer v. Shaffer, 1954, 175 Pa.Super. 100, 103 A.2d 430, 42 A.L.R.2d 761. This being so, we can find no valid reason for construing the Act as giving to the demanding state and the obligee the option of requiring the obligor to answer a criminal charge and be punished in a state in which he may never have resided or even have been present, rather than compelling him to perform his support obligations; and in our opinion the interpretation made by the California court in Ex parte Floyd, supra, does not carry out the essential purposes of the Act nor is it required by the express terms of the Act.
The criminal enforcement provisions of the Act (Sec. 88.061 and Sec. 88.071, supra) nowhere refer to the "initiating" and the "responding" states, as in the civil enforcement provisions of the Act. Sec. 88.061 merely provides for the demand, or surrender, by the Governor of this state of a person charged with the crime of failing to provide for the support of a person in this, or the other, state. Sec. 88.071 does not refer to "any obligor contemplated by this chapter or this Act"; it refers to "any obligor contemplated by § 88.061" (emphasis added), that is, any person against whom the special type of extradition proceedings provided for by Sec. 88.061 have been initiated.
Moreover, the provision in question says that the obligor who is about to be extradited and "who submits to the jurisdiction of the court of such other state and complies with the court's order of support shall be relieved of extradition * * *" (Emphasis added.) The "court's order of support" with which the obligor complies under the civil enforcement provisions of the Act, as well as under the above-quoted provision, is that of a court of the responding state, not that of the initiating state. And the duty of support enforced under the Act is not necessarily that imposed by the law of the initiating state; it is that "imposed or imposable under the laws of any state where the obligor was present during the period for which support is sought" which is presumed to be the responding state "until otherwise shown". Sec. 88.081, Ibid. The jurisdiction of the court of the initiating state extends only to approving the petition of the obligee and certifying that, on its face, a duty of support appears. Sec. 88.141, Fla. Stat. 1955, F.S.A. By approving the petition, the court of the initiating state enables the petitioner to submit herself to the jurisdiction of the court of the responding state without the necessity of personal appearance or employment of counsel. Cf. Mahan v. Read, 1954, 240 N.C. 641, 83 S.E.2d 706. It then becomes the duty of the court of the responding state to examine the petition and if it "finds a duty of support, it may order the defendant to furnish support or reimbursement therefor and subject the property of the defendant to such order." Sec. 88.211, Ibid. Due process is preserved, because each party pleads in his own court  the obligee to show her needs and the obligor's duty of support, and the obligor to show his ability to pay or to deny that a duty of support exists. Since it is the duty of support that is certified to by the initiating state and since the amount of such support, as well as a further finding as to the duty of support, must be determined by the court of the responding state, cf. Gohdes v. Gohdes, 1955, 134 Cal. App.2d 819, 286 P.2d 539; Whittlesey v. Bellah, 1955, 130 Cal. App.2d 182, 278 P.2d 511; Proctor v. Sachner, 1955, 143 Conn. 9, 118 A.2d 621, we fail to see any valid reason for holding that the duty of support must be initially made to appear in a civil enforcement proceeding rather than in a criminal enforcement proceeding under the *4 Act. Especially where, as here, the duty of support has been determined in a divorce decree specifically awarding support money for the minor child of the appellant, there would appear to be no danger that the obligor would escape extradition by making only "token support payments", a point which troubled the California court in Ex parte Floyd, supra. And as pointed out in a dissenting opinion by Mr. Justice Schauer in Ex parte Floyd, supra, the courts "are not powerless to devise a fair and appropriate procedure to be followed and one which would permit the evidence of the obligee (i.e., the obligee's conditions, circumstances, or needs) to be as fully presented to our courts as would be the case if the support proceedings are initiated in the obligee's home state and followed by supplemental proceedings in California."
We have concluded that the provision of the Act in question means just what it says, that is, that a person who is about to be extradited under the provisions of Sec. 88.061 may relieve himself from such extradition by voluntarily submitting himself to a court of competent jurisdiction in the state of his residence and complying with such court's order as to the amount of support he should pay to the obligee. This interpretation is certainly the more practical approach to the problem of "the enforcement of duties of support", the avowed purpose of the Act. As stated by Mr. Justice Schauer in his dissenting opinion in Ex parte Floyd, supra,
"Surely that objective is more likely to be achieved by permitting the obligor to remain in the state where he has become established and gains his livelihood than by the penal action of extradition for imprisonment. The latter procedure lends itself more readily to satisfaction of the desire for vengeance than it does to meeting the support needs of the dependent."
For the reasons stated, the order appealed from should be and it is hereby reversed and the cause remanded for further proceedings.
Reversed and remanded.
TERRELL, C.J., and HOBSON, DREW, THORNAL and O'CONNELL, JJ., concur.
THOMAS, J., dissents.