499 P.2d 691

Margaret NATEWA, Plaintiff-Appellee,

v.

Stanley NATEWA, Defendant-Appellant.

No. 9374.

Supreme Court of New Mexico.

June 30, 1972.

Rehearing Denied Aug. 2, 1972.

H. Reed Wasson, Zuni, for appellant.

David L. Norvell, Atty. Gen., James B. Mulcock, Jr., Asst. Atty. Gen., for appellee.

## OPINION

COMPTON, Chief Justice.

This appeal rises from an order requiring the defendant to pay support for his minor child, then residing with his wife in Wisconsin.

Appellant and his wife, appellee herein, though still married, are living apart. The appellee is living in Wisconsin with one child of the marriage, and the appellant, a Zuni Indian, is residing within the Zuni Indian Reservation, in New Mexico. Appellee is not a Zuni Indian. In 1967, the appellee filed a complaint in the Wisconsin district court in accordance with that State's Uniform Reciprocal Enforcement of Support Act, Wis.Stat.1967, § 52.10, asking that appellant be ordered to pay a sum as determined by the New Mexico district court, as support for the child living with her. The certificate properly certified by the Wisconsin Court was transmitted to the district court of McKinley County, New Mexico. The district attorney, thereupon and in accordance with the New Mexico Reciprocal Enforcement of Support Act, § 22–19–1 et seq., N.M.S.A.1953 Comp., since revised to New Mexico Revised Reciprocal Enforcement of Support Act, § 22–19–28 et seq., N.M.S.A.1953 Comp. (1971 Pocket Supp.), in 1968 obtained an order requiring appellant to pay monthly child support to appellee. Appellant appeared with counsel at this hearing. In August, 1971, the District Attorney for McKinley County filed a second petition in the same court, alleging that appellant had failed to make payments under the 1968 order. Appellant again appeared in person and by counsel, and filed a motion to vacate the 1968 order for lack of subject-matter jurisdiction. The court denied the motion to vacate and thereupon entered an order requiring that appellant make increased monthly payments until the arrearages had been paid.

Appellant raises three questions on appeal. First, that the courts of the State of New Mexico lack authority to exercise jurisdiction over child support actions against tribal members residing on the Zuni Indian Reservation. Second, that the child support orders entered against appellant are void for lack of subject-matter jurisdiction. Third, that the 1968 judgment is vulnerable to a motion to vacate for voidness under Rule 60(b) (4) of the New Mexico Rules of Civil Procedure [§ 21–1–1(60) (b) (4), N.M.S.A.1953 (Repl.Vol. 4, 1970)].

■ In support of his first contention, appellant directs our attention to 25 C.F.R. § 11.30, "Determination of paternity and support." He contends that this section vests exclusive control over child support actions in the tribal courts. The first sentence of this section dispels this contention and reads:

"The Court of Indian Offenses shall have jurisdiction of all suits brought to determine the *paternity of a child* and to obtain a judgment for the *support of the child*." (Emphasis added.)

It is obvious that this section applied to child support actions relating to paternity determination, and not as here, to determine the obligation of support for a child that is the result of a valid marriage between the parties.

■ Additionally, in support of his first contention, appellant directs our attention to Williams v. Lee, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251, and Organized Village of Kake v. Egan, 369 U.S. 60, 82 S.Ct. 562, 7 L.Ed.2d 573, as standing for the proposition that absent express congressional legislation to the contrary, state courts may not exercise jurisdiction where such exercise interferes with tribal self-government. It is our understanding of those cases that state law can be made applicable to reservation Indians unless such applicability interferes with the internal self-government of the tribe or contravenes an express grant or reservation by Federal law. See New York ex rel. Ray v. Martin,

326 U.S. 496, 66 S.Ct. 307, 90 L.Ed. 261. Thus, the basic question before us is whether the enforcement of the New Mexico Revised Uniform Reciprocal Enforcement of Support Act, supra, interferes with the internal self-government of the Zuni Tribe or contravenes an express federal grant or reservation. We think not.

It is our view that the application of the Act, supra, to this appellant in no way interferes with the internal self-government of the Zuni Tribe, nor does it contravene any express federal grant or reservation. The support obligation here arises from the marital relationship between appellant and appellee. State ex rel. Terry v. Terry, 80 N.M. 185, 453 P.2d 206.

Appellee is now residing in Wisconsin with one of the two children of the marriage. Based upon the certificate forwarded from the Wisconsin court pursuant to the Wisconsin Uniform Reciprocal Enforcement of Support Act, Wis.Stat.1967, § 52.10, the lower court found that appellee was in need of support for the child residing with her. The court further found that there was an obligation on the part of appellant to provide child support, and entered an order accordingly. Compare State ex rel. Terry v. Terry, supra. Under these circumstances it is impossible for us to see how this order interferes with the internal self-government of the Zuni Tribe. Nor do we see that it interferes or contravenes an express federal grant or reservation.

■ The totality of the marriage relationship shows significant contacts with jurisdictions other than the Zuni Reservation. Appellant cannot interpose his special status as an Indian as a shield to protect him from obligations that result from his marriage to appellee which had been entered into off the reservation. No citation is needed to support the moral and social obligation of a parent to support his children.

■ In Daly v. Daly, 21 N.J. 599, 123 A.2d 3, a New Jersey court held that all that was needed for proper jurisdiction in a proceeding under the Act was the presence of the husband or father in the responding state, the presence of the child or the wife in another state, and the existence of a duty of support on the part of the father under the laws of the responding state. This decision very cogently sets out the proper requirements for rendition of a valid order under the Act.

■ We conclude that proper jurisdiction, both over the subject matter and of the person, was obtained by the district court of McKinley county when the appellant appeared before that court as previously noted. Incidentally, there is no tribal relationship between the appellant and appellee. The lack of this relationship further supports our conclusion that there was proper subject-matter jurisdiction.

For cases dealing generally with obligations arising from the Act, see Berkley v. Berkley, 246 S.W.2d 804, 34 A.L.R.2d 1456 (Mo.1952); Gohdes v. Gohdes, 134 Cal. App.2d 819, 286 P.2d 539; Levi v. Levi, 170 Ohio St. 533, 166 N.E.2d 744; Pfueller v. Pfueller, 37 N.J.Super. 106, 117 A.2d 30; State ex rel. Lyon v. Lyon, 75 Nev. 495, 346 P.2d 709.

Having concluded that the district court had subject-matter jurisdiction, it follows that other contentions urged for a reversal of the judgment are without merit.

The order should be affirmed.

It is so ordered.

McMANUS and OMAN, JJ., concur.