MR. JUSTICE SHEA
delivered the opinion of the Court.
*361 This is an appeal from an order entered by the Big Horn District Court under Montana’s Uniform Reciprocal Enforcement of Support Act, section 40-5-101 et seq., MCA, directing the appellant, Dean Curtiss Three Irons to make child support payments. Because the District Court did not have personal jurisdiction over Three Irons or subject matter jurisdiction over the transaction, we reverse.
Dean Curtiss Three Irons is an enrolled member of the Crow Indian Tribe and lives on the Crow Reservation. He is married to but separated from Earlene Three Irons, a Shoshone Indian from the Wind River Indian Reservation in Wyoming. They have two children, Tanya J. and Dean, Jr. The Three Irons were married September 16, 1974, in Denver, Colorado. During their marriage, they resided there and on the Crow Reservation. Earlene Three Irons has resided in Denver with the children since her separation from her husband in 1975.
In November 1975, while a resident of Colorado, Earlene Three Irons filed a petition under Colorado’s URESA which was forwarded to Montana for enforcement proceedings. The Big Horn County District Court issued an order to show cause. Dean Three Irons was served with copies of the order and the petition within the boundaries of the Crow Indian Reservation. Appearing specially through counsel, Three Irons moved the District Court to dismiss for lack of personal and subject matter jurisdiction. The lower court denied the motion and ordered Three Irons to pay child support.
On appeal, the primary issues are whether the state court has personal and subject matter jurisdiction. These issues are dispositive of the appeal and we need not consider the other issues presented for review.
This appeal is governed by our holding in State ex rel. Flammond v. Flammond, 190 Mont 350, 621 P.2d 471 (No. 80-12, Decided December 19, 1980). All of the appellant’s off-reservation contacts are with the State of Colorado. None are with Montana. As in Flammond, supra, the state court had neither subject matter *362 jurisdiction over the transaction nor in personam jurisdiction over the husband.
Under the circumstances, the only remedy open to the wife is to bring an appropriate enforcement of support proceeding in tribal court. Although the Crow Tribe has not adopted URESA, its law and order code provides alternate remedies.
The order of the District Court is vacated and the cause is dismissed for lack of personal and subject matter jurisdiction.
MR. CHIEF JUSTICE HASWELL and JUSTICES DALY and SHEEHY concur.