No. 80-390

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

THE ESTATE OF DOUGLAS J. STANDING BEAR,
Deceased, by and through CORRINE BILLY,
Personal Representative,

Plaintiff and Appellant,

vs.

GERALD BELCOURT, JEAN BELCOURT, and
LEOTA M. STANDING BEAR,

Defendants and Respondents.

Appeal from:  District Court of the Twelfth Judicial District,
In and for the County of Hill.
Honorable B.W. Thomas, Judge presiding.

Counsel of Record:

For Appellant:

Altman & Lilletvedt, Havre, Montana
Frank Altman argued, Havre, Montana

For Respondents:

Wm. George Harris, Missoula, Montana

Submitted:  June 16, 1981

Decided:  JUL 9 - 1981

Filed:  JUL 9 - 1981

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Plaintiff is the personal representative of the estate of Douglas J. Standing Bear. She appeals from an order of the District Court of the Twelfth Judicial District, in and for the County of Hill, dismissing for lack of subject matter jurisdiction her action in claim and delivery to recover a road grader alleged to be property of the estate.

Douglas Standing Bear was killed in a car accident on July 22, 1978. He was, and his three natural children are, enrolled members of the Wind River Arapaho Indian Tribe in Wyoming. His wife, defendant Leota M. Standing Bear, and his adopted daughter, Teresa Standing Bear, are enrolled members of the Chippewa-Cree Tribe in Montana. At the time of his death, decedent, his wife, and three of the children were domiciled on the Rocky Boy's Indian Reservation. The fourth child was living in Havre, Montana.

On October 1, 1976, the Bureau of Indian Affairs approved an Indian Business Development Grant to decedent in the amount of $30,000 for the purchase of a motor grader so that he could start a private contracting business. The grant required that decedent obtain 60 percent of the cost of the grader from other sources. He applied for and received a $54,000 loan from the First National Bank of Havre and a guaranty for that loan from the Small Business Administration. The Havre bank obtained a perfected security interest in the grader. Upon decedent's death, a credit life insurance policy paid the loan balance to the bank.

On August 9, 1978, upon application of Leota Standing

Bear (decedent's widow), she was appointed as personal representative of her husband's estate and jurisdiction placed in the District Court of the Twelfth Judicial District, County of Hill. Leota M. Standing Bear was subsequently restrained by orders of the state District Court dated April 11, 1979, May 7, 1979, and October 4, 1979, from disposing of any property belonging to the estate of Douglas J. Standing Bear. On October 4, 1979, the court removed her as personal representative for cause. One of the decedent's natural children, Corrine Billy, was thereafter appointed personal representative of the estate.

On August 23, 1978, Leota M. Standing Bear petitioned the Tribal Court of the Chippewa-Cree Tribe and was appointed administrator of decedent's estate. Subsequent proceedings were had in that court by Leota M. Standing Bear, in the estate of Douglas J. Standing Bear, and on June 18, 1979, the Tribal Court granted her ownership of certain assets of decedent located at that time on that reservation, including the Caterpillar motor grader. All of these proceedings and orders were made ex parte without any notice to any interested persons, including any of decedent's other heirs or potential heirs.

On March 10, 1980, the Tribal Court made and entered an order vacating all prior orders made in the matter of the estate of Douglas Standing Bear for the reason that the Tribal Court did not have jurisdiction over the estate since decedent was not an enrolled member of the Chippewa-Cree Tribe.

At the time of decedent's death, the road grader was located on the Fort Peck Indian Reservation. It was moved

to the Rocky Boy's Reservation. Defendant Leota Standing Bear then sold the grader to her brother, defendant Gerald Belcourt, for $125, who in turn sold it for $70,000 to an unknown party.

The District Court found that out of the proceeds, Belcourt gave Leota Standing Bear the sum of $22,000; kept $6,000 for himself; and deposited the sum of $42,000 in the Montana Bank of Browning, Montana, in his name and that of his wife, Jean Belcourt. All defendants in this action are enrolled members of the Chippewa-Cree Tribe.

Corrine Billy, as personal representative of the estate, brought a claim and delivery action to recover the grader or the proceeds of its sale. On March 26, 1980, the District Court granted plaintiff a preliminary injunction which restrained transfer of the grader or its proceeds. Defendants filed a motion to dismiss the action and also a motion to quash the preliminary injunction. The court continued the hearing on those motions to May 28, 1980, combining the hearing with the "parent" case, Probate Cause No. 5158, Estate of Douglas J. Standing Bear, Deceased.

On July 24, 1980, the District Court held that it had jurisdiction over the probate proceeding but that it lacked jurisdiction over the claim and delivery action. In denying jurisdiction, the court noted that the sale of the grader took place on the reservation, that a substantial part of the proceeds are deposited in a bank on an Indian reservation, and that the Chippewa-Cree Tribal Code claims jurisdiction of all civil suits whenever the defendant is a tribal member. The District Court concluded that state jurisdiction would interfere with tribal government and that

-4-

plaintiff's remedy was to sue in the Tribal Court.

Plaintiff appeals the final judgment of the District Court.

The sole issue presented to this Court on appeal concerns the subject matter jurisdiction of the claim and delivery action by the state District Court.

Plaintiff contends that the District Court erred when it held it did not have subject matter jurisdiction of the claim and delivery action against defendants. In Crawford et al. v. Roy (1978), 176 Mont. 227, 577 P.2d 392, this Court, using the transactional analysis test, held that there were sufficient activities occurring outside the reservation to invest the state court with jurisdiction and, as such, state jurisdiction could not be held to infringe on the rights of the reservation Indians to make their own laws and to be ruled by their own laws.

In the instant case, Leota Standing Bear invoked state court jurisdiction when she petitioned for the probate of her deceased husband's estate. At the time of decedent's death, the grader was not located on the Rocky Boy's Reservation; and further, defendants Gerald and Jean Belcourt are residents of the State of Montana. These facts, according to appellant, are sufficient to meet the transactional analysis test and, therefore, confer jurisdiction on the state court.

There is no federal treaty or statute that has preempted jurisdiction in the District Court. Furthermore, the Tribal Court has not, and is not, exercising jurisdiction in this case. Therefore, the Tribal Court has not preempted District Court jurisdiction but, in fact, has

conceded that jurisdiction lies with the state District Court and will support and enforce the state court's final order.

Appellant argues that, by entering into a sale of the grader, respondents committed the torts of fraud and conversion against appellant. Since such tortious acts were directed against an estate being administered in state court, and since such deliberate action was taken to deprive the state court of its lawful jurisdiction, it would be plain error to hold that remedial action does not lie in state court.

Respondents did not appear in this Court at the time set for oral arguments. The brief filed by respondents indicates the following general position. The state is precluded by federal preemption and the exercise of plenary power of the United States over Indian tribes from exercising jurisdiction in Indian estate and probate matters. Exclusive jurisdiction over estate and probate proceedings respecting descent and distribution of assets of an Indian is vested in the Secretary of the Interior by federal law. See, 25 U.S.C. §372 et seq.; 25 C.F.R. §§1.2 et seq.; and 43 C.F.R. §§4.200 et seq.; see also Pub. L. No. 83-280, 67 STAT 588; 28 U.S.C. §1360(b); and State ex rel. Three Irons v. Three Irons (1980), ____ Mont. ____, 621 P.2d 476, 37 St.Rep. 2016. Respondents argue that the following reservation "contacts" are sufficient to defeat state court jurisdiction:

1. The principal heirs of Douglas J. Standing Bear resided at the time of his death on the Rocky Boy's Reservation;

2. The principal place of business for the grading service was on the Rocky Boy's Reservation;

3. The contractual relationships the decedent undertook were with the Bureau of Indian Affairs, to be performed on Indian reservations;

4. The equipment and records of the business were located on the Fort Peck Indian Reservation;

5. The income derived from services performed on Indian reservations;

6. An administrative law probate proceeding was ongoing under Daniel S. Boos, Administrative Law Judge, and both appellant and respondents have notice thereof;

7. Under 25 C.F.R. §§11.1 et seq., through a Court of Indian Offenses, any claimed heir may bring suit to determine heirs and divide decedent's property and that decedent's spouse, on August 23, 1978, sought and invoked jurisdiction to that effect; and

8. More importantly, by order of March 10, 1980, jurisdiction over the filed probate and estate proceedings was, by the Court of Indian Offenses, attempted to be conceded to the state District Court.

The briefs and District Court file herein are vague and difficult to follow. It appears that on August 9, 1978, Leota M. Standing Bear filed an application for informal appointment of personal representative in intestacy of decedent's estate with the District Court of the Twelfth Judicial District. She was appointed personal representative that same day. Two weeks later, Leota applied to the Rocky Boy's Reservation to have decedent's estate administered in the Tribal Court. On August 23, 1978, she was

appointed administrator of the estate in the Tribal Court.

On October 4, 1979, the District Court removed Leota as personal representative and restrained her from transferring or disposing of the property of the estate. Subsequently, on May 10, 1980, the Tribal Court entered an order vacating all prior orders made in the matter of the Estate of Douglas J. Standing Bear for the reason that it did not have jurisdiction over the estate because decedent was not a member of the Chippewa-Cree Tribe. The Tribal Court also conceded jurisdiction to the state.

Leota was restrained by orders of the District Court dated April 11, 1979, May 7, 1979, and October 4, 1979, from disposing of any property belonging to the estate, including the grader which is the subject of this litigation. However, as stated previously, Leota, sometime after the October 4, 1979, order, sold the grader to her brother Gerald, who in turn sold it to a nonresident. On March 14, 1980, the personal representative, appellant herein, filed an action for claim and delivery of the grader.

Respondents filed a motion to dismiss for lack of subject matter jurisdiction. A similar motion was also made in the probate proceeding. Both motions were tried on May 28, 1980, insofar as they involved some of the same parties and the same factual matters. On July 24, 1980, the District Court entered anomalous results. The District Court held that it had subject matter jurisdiction over the probate proceeding but that it did not have subject matter jurisdiction over the claim and delivery action because such an exercise would interfere with reservation self-government.

In the longstanding case of United States ex rel.

-8-

Riggs v. Johnson County (1868), 6 Wall. 166, 18 L.Ed. 768, the United States Supreme Court stated: ". . . Jurisdiction is defined to be the power to hear and determine the subject matter in controversy in the suit before the court, and the rule is universal, that if the power is conferred to render the judgment or enter the decree, it also includes the power to issue proper process to enforce such judgment or decree . . ." Furthermore, in State ex rel. Eisenhauer v. District Court (1917), 54 Mont. 172, 168 P. 522, this Court held that if a court has the power to make an order, it has jurisdiction to enforce that order.

The purpose of probate is the just and equitable transfer of estate property to the proper heirs. The District Court determined that it had jurisdiction over the parent probate proceeding. In an attempt to protect the estate property, the District Court issued restraining orders against the decedent's wife, Leota. Leota, however, allegedly violated those orders and sold the grader, which was part of the estate, to her brother. Contempt proceedings were initiated, but the District Court file is void of any determination of the contempt matter. In an attempt to recover the estate property, appellant instituted the present claim and delivery action. The subject matter jurisdiction of this action has its roots in the probate proceedings and, even though filed separately, it is, none-theless, the enforcement arm to recover property within the jurisdiction of the probate court, whose jurisdiction is not in question but conceded by the Tribal Court.

Additionally, when Leota applied to the District Court to be the personal representative of decedent's

estate, she elected to be governed by the laws of Montana. She cannot retreat to the reservation, dispose of property contrary to state laws and be afforded protection of the Tribal Court to deny the state court of its jurisdiction to enforce its rulings. Such an action would make a sham of probate proceedings.

The applicable rules governing imposition of jurisdiction enunciated in Iron Bear v. District Court (1973), 162 Mont. 335, 512 P.2d 1292 are: (1) whether the exercise of state jurisdiction would interfere with reservation self-government; and (2) whether the tribal court is currently exercising jurisdiction or has exercised jurisdiction in such a manner as to preempt state jurisdiction. This has been adequately addressed by Chief Tribal Judge Mitchell in his order dismissing this matter and relinquishing subject matter jurisdiction to the state District Court as follows:

> "This Court concedes that jurisdiction over the personal property owned by Douglas J. Standing Bear or in which he had an interest, which may have been or is located on the Rocky Boy's Reservation, is in the District Court of the Twelfth Judicial District of the State of Montana, in and for the County of Hill. All of the matters relating to the personal property of Douglas J. Standing Bear must be resolved by the said Court for the State of Montana, and the Court of Indian Offenses will support the final orders of the State Court and will assist in enforcement of orders of said Court if required." (Emphasis supplied.)

The judgment of the District Court is reversed, and the cause remanded to the state District Court for further proceedings.

Gene B Daly
Justice

-10-

We concur:

_Frank I. Haswell_
Chief Justice

_John Conway Harrison_

_____

_____
Justices