647 P.2d 1163

**Nicola Rose NENNA,
Plaintiff/Appellant,**

v.

**Cyrus MORENO, Defendant/Appellee.**

**No. 2 CA–CIV 4239.**

Court of Appeals of Arizona,
Division 2.

April 21, 1982.

Rehearing Denied June 3, 1982.

Review Denied July 7, 1982.

Stephen D. Neely, Pima County Atty. by William V. Hornung, Tucson, for plaintiff/appellant.

Papago Legal Services, Inc. by Steve Baltensperger, Sells, for defendant/appellee.

OPINION

HATHAWAY, Judge.

Does the Arizona superior court have jurisdiction to enter a support order under the Uniform Reciprocal Enforcement of Support Act (URESA) against a Papago Indian resident of the Papago Reservation requiring him to support a child residing in California? The lower court ruled that it did not and we agree.

Appellant, a resident of California, filed a complaint for support under URESA in California. The matter was certified by the California court and transmitted to the Pima County Superior Court for a determination of appellee's duty of support. Appellee was served with the reciprocal complaint by an official authorized to serve process on the Papago Reservation. He failed to appear and a default judgment requiring him to pay $75 per month child support was entered. A rule 60(c) motion to vacate was thereafter filed on his behalf challenging the jurisdiction of the Pima County Superior Court to enter the support order. The superior court found that since appellee was an Indian living on the Papago Reservation, it lacked jurisdiction to determine his duty to support the child or to order him to make support payments under URESA. It therefore granted the motion to vacate and dismissed the case.

Appellant relies on *Francisco v. State*, 113 Ariz. 427, 556 P.2d 1 (1976), as support for her contention that the superior court has subject matter jurisdiction in a reciprocal support proceeding. In *Francisco*, the sole issue was whether the trial court had properly acquired personal jurisdiction in a paternity proceeding. The summons and complaint of the paternity proceeding were

served upon the defendant, a Papago Indian residing on the Indian reservation, by a Pima County deputy sheriff. In holding that the laws of this state as to service by a sheriff could not be applied to an Indian on the reservation and therefore service of process was invalid and ineffectual, our supreme court stated in a footnote:

"In holding that there was no personal jurisdiction over the petitioner due to an invalid service of process, we think it appropriate to point out that *the trial court did indeed have subject matter jurisdiction.* This has been conceded by the petitioner and is not here an issue." (Emphasis added) 113 Ariz. at 428, n. 1, 556 P.2d at 2, n. 1.

Appellee has cited to us as authority for his position the Montana cases of *State ex rel. Flammond v. Flammond,* 621 P.2d 471 (Mont.1980), and *State ex rel. Three Irons v. Three Irons,* 621 P.2d 476 (Mont.1980), which held under factual circumstances such as we have here, that the state court had neither subject matter jurisdiction over the transaction nor in personam jurisdiction over the husband.

■ Neither Arizona nor the Papago tribe has sought to extend Arizona's civil and criminal jurisdiction to Indian reservations via the mechanism provided in 25 U.S.C. §§ 1321–1326. *Francisco v. State,* supra; *McClanahan v. State Tax Commission,* 411 U.S. 164, 93 S.Ct. 1257, 36 L.Ed.2d 129 (1973). Arizona therefore may not exercise subject matter jurisdiction over transactions arising on Indian reservations. *Francisco v. State,* supra; *Kennerly v. District Court of Ninth Judicial District of Montana,* 400 U.S. 423, 91 S.Ct. 480, 27 L.Ed.2d 507 (1971).

Appellant's reliance on the dictum in the *Francisco* footnote quoted above is misplaced. The factual circumstances of *Francisco* would appear to bring it within the exception recognized by *Flammond*—"the

transaction entails 'significant' or 'substantial' contacts with the state outside of reservation boundaries." 621 P.2d at 472. The child who was the subject of the paternity proceedings was conceived and born in Tucson. The mother and the child had lived in Tucson since the child's birth. The duty of support thus would arise out of an off-reservation occurrence, or at the very least, an occurrence that entailed substantial contact with the State of Arizona outside of reservation boundaries.

■ Here there are absolutely no off-reservation acts in Arizona sufficient to vest the courts of this state with jurisdiction over appellee, a reservation Indian. The only off-reservation act occurred in California. Appellee has injured neither persons nor property within the State of Arizona and this support action arises solely from his domestic relations. We agree with the Montana Supreme Court that under these circumstances our superior court lacks subject matter jurisdiction over appellant's action to enforce a child support obligation under URESA against appellee, a reservation Indian. *But see Natewa v. Natewa,* 84 N.M. 69, 499 P.2d 691 (1972).[1]

Affirmed.

HOWARD, C. J., and PHILIP FAHRINGER, Superior Court Judge, concur.

NOTE: Judge BEN C. BIRDSALL having requested that he be relieved from consideration of this matter, Judge PHILIP FAHRINGER was called to sit in his stead and participate in the determination of this decision.

---

1. The New Mexico Supreme Court, in holding that New Mexico courts had subject matter jurisdiction, concluded that application of URESA did not interfere with the internal self-government of the Zuni Tribe and that the

totality of the marriage relationship showed significant contacts with jurisdictions other than the Zuni Reservation. We do not find the *Natewa* rationale convincing and it is factually distinguishable.