657 P.2d 627

**Theresa Rey LONEWOLF, Petitioner-Appellee,**

v.

**Joseph LONEWOLF, Respondent-Appellant.**

**No. 14334.**

Supreme Court of New Mexico.

Dec. 22, 1982.

Kegel, Montez & Piatt, Walter R. Kegel, Santa Fe, for respondent-appellant.

James C. Thompson, Espanola, Sarah M. Singleton, Santa Fe, for petitioner-appellee.

OPINION

STOWERS, Justice.

This appeal arises out of the proceedings that accompanied the dissolution of the marriage of Joseph Lonewolf (Appellant) and Theresa Rey Lonewolf (Appellee). Mr. Lonewolf is an Indian and a member of the Pueblo of Santa Clara. Mrs. Lonewolf is a non-Indian.

The parties stipulated to the division of most of their community property. However, the stipulation did not resolve the disposition of fifty-eight pieces of existing, but missing Indian pottery. After a hearing the district court entered findings of fact and conclusions of law concerning the disposition of the pottery, and Mr. Lonewolf appeals. We affirm.

The issue on appeal is whether the New Mexico district court had jurisdiction to determine the disposition of community personal property located on the Santa Clara reservation when one of the parties is an enrolled member of the Pueblo of Santa Clara.

The facts are as follows. After Mrs. Lonewolf filed a petition for legal separation, Mr. Lonewolf answered and counterclaimed for divorce. Mr. Lonewolf's answer raised questions as to the jurisdiction of the district court. At issue were the community interest in real estate and improvements to real estate located within the Santa Clara reservation, community personal property located on and off the reservation, and community debts. The district court entered a partial decree dissolving the marriage and retaining jurisdiction on all other issues. Subsequently, the court held an evidentiary hearing on the issue of jurisdiction. After the hearing the court found that although it lacked jurisdiction over the real property questions, it had jurisdiction over the personal property of the parties. The parties then entered into a lengthy property stipulation. Because the value and distribution of the pottery was not included in the stipulation, the court held a hearing on that issue. After hearing testimony by Mr. Lonewolf and Gregory Lonewolf, the parties' son, the court found the pottery to be community property and that the total community interest in the pottery was $56,618. The court ascertained deductions and credits, and found that Mr. Lonewolf owed Mrs. Lonewolf $18,309. Mr. Lonewolf asserts that the district court was without jurisdiction to make such a finding.

The test for exercise of state court jurisdiction over matters involving Indians and Indian tribes is set forth in *Williams v. Lee,* 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959). In *Williams* the United States Supreme Court framed the question as being "whether the state action infringed on the right of reservation Indians to make their own laws and be ruled by them." *Id.* at 220, 79 S.Ct. at 271. In discussing the proper exercise of state jurisdiction, this Court has stated:

> These [previous United States Supreme Court] decisions indicate that even on reservations state laws may be applied to Indians unless such application would interfere with reservation self-government or impair a right granted or reserved by federal law.

*Montoya v. Bolack,* 70 N.M. 196, 204–05, 372 P.2d 387, 393 (1962) (quoting *Village of Kake v. Egan,* 369 U.S. 60, 75, 82 S.Ct. 562, 571, 7 L.Ed.2d 573 (1962)).

This Court frequently has noted jurisdictional questions unique to cases involving Indians. *See, e.g., State Securities, Inc. v. Anderson,* 84 N.M. 629, 506 P.2d 786 (1973); *Tenorio v. Tenorio,* 44 N.M. 89, 98 P.2d 838 (1940). In *Chino v. Chino,* 90 N.M. 203, 206, 561 P.2d 476, 479 (1977), we recognized certain criteria for determining whether the application of state law would infringe upon Indian self-government: "(1) whether the parties are Indians or non-Indians, (2) whether the cause of action arose within the Indian reservation, and (3) what is the nature of the interest to be protected." *See also Hartley v. Baca,* 97 N.M. 441, 640 P.2d 941 (Ct.App.1981).

Mr. Lonewolf urges that the elements of infringement as set forth in *Chino* mandate a reversal of the district court on the basis of jurisdiction. Based on the facts of this case, however, we do not find the decision of the district court contrary to the test set forth in *Chino.* We further fail to find that the jurisdiction maintained by the court in this case infringes upon Indian self-government, which is the threshold determination in assessing the applicability of state law to reservation Indians. *See Natewa v. Natewa,* 84 N.M. 69, 499 P.2d 691 (1972). The district court properly determined it lacked jurisdiction to decide the issues involving real property. *See Kennerly v. District Court of Montana,* 400 U.S. 423, 91 S.Ct. 480, 27 L.Ed.2d 507 (1971). Rights to the personal property, however, were not tied to lands within the reservation. Mrs. Lonewolf had the power to control and dispose of the community property, § 40–3–14, N.M.S.A.1978, and this right as concerned personal property traveled with her; it was not attached to tribal land. Mrs. Lonewolf properly invoked the jurisdiction of the district court for dissolution of the marriage, § 40–4–5, N.M.S.A.1978, and for division of the property, § 40–4–7, N.M.S.A.1978. Once the district court had jurisdiction to dissolve the marriage, it had jurisdiction to

determine proper distribution of the parties' community personal property. *Cf. Powell v. Farris,* 94 Wash.2d 782, 620 P.2d 525 (1980) (state court had jurisdiction over an action for dissolution of a partnership between an Indian and non-Indian and for an accounting of proceeds from a business located on tribal land).

Mr. Lonewolf submitted to the jurisdiction of the district court, both when he filed his counterclaim in that court and when he entered a stipulation regarding various items of community personal property. Because he submitted to the district court's jurisdiction, he cannot now deny jurisdiction specifically as to the pottery. *Cf. Tenorio v. Tenorio, supra* 44 N.M. at 103, 98 P.2d at 847 (stating that "in bringing a suit in a state court an Indian is subject to the same laws relating to the prosecution of suits which govern any citizen of the state"). As this Court stated in *Natewa v. Natewa, supra* 84 N.M. at 71, 499 P.2d at 693, "[a]ppellant cannot interpose his special status as an Indian as a shield to protect him from obligations that result from his marriage to appellee which had been entered into off the reservation." Although the nature of the present case is different from *Natewa,* the principle is the same. *See State Securities, Inc. v. Anderson, supra.*

We find that the district court properly exercised jurisdiction, and we affirm the judgment. Fifteen hundred dollars will be awarded to Mrs. Lonewolf for attorneys' fees on appeal.

IT IS SO ORDERED.

PAYNE, C.J., and RIORDAN, J., concur.