**In re Lawanda FRANK–HILL, Debtor.**

**Lawrence Warfield Chapter 7 Trustee, Movant,**

v.

**Lawanda Frank–Hill, Respondent.**

**No. 01–1636–PCT–SSC.**

United States Bankruptcy Court, D. Arizona.

March 24, 2003.

---

6. A.R.S. § 33–1101(A).

David Reaves, Phoenix, AZ, for Lawrence Warfield, Chapter 7 Trustee.

Charles Stoddard, III, Page, AZ, for Debtor.

## MEMORANDUM DECISION

SARAH SHARER CURLEY, Chief Judge.

### I. INTRODUCTION

This matter comes before the Court on the Trustee's April 30, 2002 Motion to Compel Turnover of Estate Assets [1]. The Debtor responded to the Motion on May 22, 2002. The Court held an initial hearing on September 3, 2002. On September 9, 2002, the Court conducted a final hearing on the Motion. At the conclusion of the hearing, the Court preliminarily ruled in favor of the Debtor and directed the

---

1. The Trustee also filed a Motion to Reopen the case on May 22, 2002. The case had been closed on June 26, 2001. The Court entered an order reopening the case on June 14, 2002.

Debtor to provide the Court with copies of relevant probate documents. The Court noted that it would set forth more detailed findings of fact and conclusions of law.

In this Memorandum Decision, the Court has now set forth its findings of fact and conclusions of law pursuant to Rule 7052 of the *Rules of Bankruptcy Procedure*. The issues addressed herein constitute a core proceeding over which this Court has jurisdiction. 28 U.S.C. §§ 1334(b) and 157(b) (West 2003).

## II.  FACTUAL BACKGROUND

On February 15, 2001, the Debtor filed her petition for relief under Chapter 7. However, the Debtor's potential interest in certain property was created many years before. In 1980, the Debtor's grandfather, Luther Buck Frank, a Southern Paiute Indian, died intestate. This Court has learned that the grandfather's funds were placed in an Individual Indian Money ("IIM") account, held in trust by the Department of Interior, for which account no accounting has ever been provided. The funds, however, were treated as "restricted" property at all times. On April 30, 2001, an administrative law judge from the Department of Interior entered a Decision[2] to "settle the trust and restricted property of [the] estate."[3] The Decision, at ¶ 3, states in pertinent part:

> 3.  Decedent died possessed of no interest in trust property. There was $6,080.39 in the decedent's IIM account at the date of submission.

The Debtor was determined to be the sole heir and beneficiary of the funds held in the probate estate of her grandfather[4]. Subsequently, on May 31, 2001, the Administrative Law Judge issued a Final Order pursuant to 43 C.F.R. § 4.1[5] which provided as follows:

---

2.  The Decision arose out of the grandfather's probate estate, Probate IPSL 043601. The Decision was entered pursuant to 43 C.F.R. § 4.211 which provides in pertinent part:

> (a) An OHA [Office of Hearings and Appeals] deciding official may receive and hear evidence at a hearing to determine the heirs of a deceased Indian or probate his or her will only after the OHA deciding official has caused notice of the time and place of the hearing to be posted at least 20 days prior to the hearing date in five or more conspicuous places in the vicinity of the designated place of hearing, and the OHA deciding official may cause postings in such other places and reservations as he or she deems appropriate. A certificate showing the date and place of posting must be signed by the person or official who performs the act.

3.  *See* Docket Entry No. 29.

4.  *See* Docket Entry No. 29; ¶ 5.

5.  43 C.F.R. § 4.1 provides in pertinent part: The Office of Hearings and Appeals, headed by a Director, is an authorized representative of the Secretary for the purpose of hearing, considering and determining, as fully and finally as might the Secretary, matters within the jurisdiction of the Department involving hearings, and appeals and other review functions of the Secretary. Principal components of the Office Include: (a) A Hearings Division comprised of administrative law judges who are authorized to conduct hearings in cases required by law to be conducted pursuant to 5 U.S.C. 554, and hearings in other cases arising under statutes and regulations of the Department, including rule making hearings, and (b) Appeals Boards, shown below, with administrative jurisdiction and special procedural rules as indicated. General rules applicable to all types of proceedings are set forth in Subpart B of this part. Therefore, for information as to applicable rules, reference should be made to the special rules in the subpart relating to the particular type of proceeding, as indicated, and to the general rules in Subpart B of this part. Wherever there is any conflict between one of the general rules in Subpart B of this part and a special rule in another subpart applicable to a particular type of proceeding, the special rule will govern. Reference should be

The Superintendent or other officer in charge shall distribute the estate according to the findings and conclusions herein. This decision is final for the Department unless a petition for rehearing is properly filed in accordance with 43 C.F.R. § 4.241 within 60 days from the date hereof.

Accordingly, the Debtor should be receiving $6,080.39 in inheritance funds from her late grandfather. The funds are currently being held in a "restricted" IIM account and are to be deposited into a separate IIM account, created specifically for the Debtor. As of the hearing date before this Court, an IIM account had yet to be created for the Debtor. Furthermore, it is unclear when the funds will be distributed to the Debtor.

## III. DISCUSSION

■ According to the Trustee, the funds constitute property of this estate pursuant to 11 U.S.C. § 541[6]. The Trustee contends that the Debtor was entitled to her inheritance when the April 30, 2001 Decision became final, on May 31, 2001. Thus, since the Debtor filed her petition on February 15, 2001, the Debtor became entitled to her grandfather's funds well within the 180–day limitation for inheritances received postpetition. See 11 U.S.C. § 541(a)(5).

Conversely, the Debtor argues that the funds are not property of the estate. Specifically, the Debtor argues that the funds are being held in trust in an IIM account by the Department of Interior and are not available for the direct use of the Debtor— even after they have been deposited into her own IIM account. More importantly, any payments deposited into IIM accounts are subject to the rules and regulations of the Secretary of Interior.

■ The law is clear that the filing of a bankruptcy petition creates an estate that consists of all of a debtor's legal and equitable interests in property. 11 U.S.C. § 541; *Cusano v. Klein*, 264 F.3d 936 (9th Cir.2001); *Chappel v. Proctor (In re Chappel)*, 189 B.R. 489 (9th Cir. BAP 1995); *In re Bunch*, 249 B.R. 667 (Bankr.D.Md. 2000). This broad category includes "any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date... by bequest, devise, or inheritance."

made also to the governing laws, substantive regulations and policies of the Department relating to the proceeding. In addition, reference should be made to Part 1 of this subtitle which regulates practice before the Department of the Interior.
(1) ....
(2) Board of Indian Appeals. The Board decides finally for the Department appeals to the head of the Department pertaining to:
(i) Administrative actions of officials of the Bureau of Indian Affairs, issued under 25 CFR Chapter I, except as limited in 25 CFR Chapter I or § 4.330 of this part, and
(ii) Orders and decisions of Administrative Law Judges in Indian probate matters other than those involving estates of the Five Civilized Tribes of Indians. The Board also decides such other matters pertaining to Indians as are referred to it by the Secretary, the Director of the Office of Hearings and Appeals, or the Assistant Secretary–Indian Affairs for exercise of review authority of the Secretary. Special regulations applicable to proceedings before the Board are contained in subpart D of this part.

**6.** The Trustee became concerned about the funds when he learned that, prepetition, the Debtor had pledged the funds to a creditor, a bank in Utah. As of the hearing date, the Trustee had not yet seen the documentation from the bank and was unsure if the bank was a properly perfected prepetition secured creditor.

§ 541(a)(5). Whether an asset is estate property is determined by examining the nature of the asset on the date the bankruptcy petition was filed. *In re Schmitt,* 215 B.R. 417 (9th Cir. BAP 1997). Although the question of whether an interest claimed by the debtor is "property of the estate" is a question to be decided by federal law, bankruptcy courts must look to state or other applicable law to determine whether, and to what extent, the debtor has any legal or equitable interest in the property as of the commencement of the case. *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re Cohen,* 300 F.3d 1097 (9th Cir.2002); *In re Pettit,* 217 F.3d 1072 (9th Cir.2000).

■ This case is unique in that the subject property is held in trust by the Federal Government; hence, other federal law will determine the issues in this case. It is settled law that the United States is vested with a trust responsibility with respect to tribal monies or property "where the federal government takes on or has control or supervision over" such monies or property. *United States v. Mitchell,* 463 U.S. 206, 211–216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (*Mitchell II*) (quoting *Navajo Tribe of Indians v. United States,* 224 Ct.Cl. 171, 624 F.2d 981, 987 (1980)). Tribal trust property is afforded extraordinarily heightened protection. That heightened protection is justified by the unique historical origins of tribal sovereignty and the federal government's special trust relationship with the tribes. *Bryan v. Itasca County,* 426 U.S. 373, 96 S.Ct. 2102, 48 L.Ed.2d 710 (1976); *In re Humboldt Fir, Inc.,* 426 F.Supp. 292, 296 (N.D.Cal.1977), aff'd, 625 F.2d 330(9th Cir.1980); *In re Blue Lake Forest Products, Inc.,* 143 B.R. 563 (N.D.Cal.1992).

Applicable federal regulations define Individual Indian Money (IIM) accounts as interest-bearing accounts for trust funds held by the Secretary of the Interior that belong to a person who has an interest in trust assets. 25 C.F.R. § 115.002. These accounts are under the control and management of the Secretary of the Interior. There are three types of IIM accounts: unrestricted, restricted, and estate accounts. An unrestricted account is defined as an IIM account in which an Indian account holder may determine the timing and amount of disbursements from the account. An estate account is defined as an account for a deceased IIM account holder. 25 C.F.R. § 115.002. The restricted accounts are divided into two categories: supervised and encumbered. Encumbered accounts have restrictions placed on them by the Bureau of Indian Affairs because some portion of the proceeds are obligated to another party. 25 C.F.R. § 115.701. Supervised accounts are accounts from which all disbursements must be approved by the Bureau of Indian Affairs. *Id.* According to the Stipulation of the parties, the grandfather's account was restricted during his lifetime.

The Debtor cites *In re Russie,* 96 F. 609 (D.Or.1899), for the proposition that property set aside by the Acts of Congress for the benefit of the members of the Indian tribes does not vest in the bankruptcy trustee because it is not property which the individual could have alienated or encumbered. In *Russie* the Debtor was an allottee of lands under an Act of Congress. The property at issue was real property held in trust by the United States for the sole use and benefit of the Indian allottees, who were not allowed to encumber or convey their lands for a specified period of time. The Court will not rely on the *Russie* holding for two reasons. First, *Russie* was decided under the Bankruptcy Act of 1898, which had a more limited definition of what comprised "property of the es-

tate". This Court must base its holding on 11 U.S.C. 541, which now defines what constitutes property of the bankruptcy estate. Second, *Russie* dealt with real property owned by the Indians on the Umatilla reservation in Oregon, which was handled in a specific manner pursuant to a federal statute.

In the decisions of *In re Penn*, 41 F.2d 257 (D.C.Ok.1929) and *In re Denison*, 38 F.2d 662 (D.Okla.1930), the Courts considered the issues of property held in trust by the Federal Government and whether such trust property could be administered as an asset of the bankruptcy estate. Both courts concluded that property held by the government in trust for Indians was not an "asset" to be administered by the trustee in a bankruptcy proceeding. Again, however, both cases were decided under the Bankruptcy Act, which used a different definition of what constituted "property of the estate," and as such their applicability to the case at bar is limited.

■ One additional case is helpful in the analysis of the issues before this Court. The decision of *Swain v. Hildebrand*, 169 Okla. 327, 36 P.2d 924 (1934), involved an action to determine the ownership of a 1/4 Osage headright[7] of a deceased Osage Indian. One of the issues before the Court was whether the State or the Secretary of the Interior had jurisdiction to probate an Indian estate. The Court held that the State was without jurisdiction on such matters, and only had such jurisdiction as permitted by federal law. It is well settled that exclusive jurisdiction over estate and probate proceedings respecting descent and distribution of assets of an Indian is vested in the Secretary of the Interior by federal law. 25 U.S.C. § 372 et seq.; 25 C.F.R. § 1.2 et seq.; and 43 C.F.R. § 4.200 et seq.; see also Pub.L.No. 83–280,

67 Stat. 588; 28 U.S.C. § 1360(b). The State is precluded by federal preemption and the exercise of plenary power of the United States over Indian tribes from exercising jurisdiction in Indian estate and probate matters. *Standing Bear's Estate v. Belcourt*, 193 Mont. 174, 631 P.2d 285 (1981).

In this case, the Department of Interior probated the estate of Luther Buck Frank, a Southern Paiute Indian, and the Debtor's late grandfather. The Department determined that the Debtor was the sole heir and beneficiary of the funds held in trust by the Department. These funds were determined to be "restricted" trust funds subject to the rules and regulations promulgated by the Secretary of the Interior. 25 C.F.R. § 115. Moreover, the funds are subject to the anti-alienation provisions contained in these regulations. Absent the prior approval of the Bureau of Indian Affairs, these funds cannot be utilized or encumbered in any way. 25 C.F.R. §§ 115.104 and 115.601.

Section 541(c)(2) provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2). An interest which falls within the scope of § 541(c)(2) does not become part of the bankruptcy estate. *Patterson v. Shumate*, 504 U.S. 753, 755, 757, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992); *In re Lowenschuss*, 171 F.3d 673 (9th Cir.1999). In *Patterson*, the Supreme Court held that restrictions on the alienation of pension funds found in ERISA meant that a debtor's interest in such a plan was excluded from the bankruptcy estate. The Court left no room for doubt that the "natural reading of [541(c)(2) ] entitles a debtor to exclude from property of the estate any interest in

---

7. A headright entitles an Indian to income

from tribal mineral interests.

a plan or trust that contains a transfer restriction enforceable under any relevant nonbankruptcy law." *In re Wilcox,* 233 F.3d 899 (6th Cir.2000) (citing *Patterson v. Shumate,* at 757, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519).

As previously noted, the Department of Interior has determined that the Debtor has a beneficial interest, as the sole heir, in the decedent's restricted IIM account. Having determined that the property is in the nature of trust property under federal law, and subject to the transfer restrictions set forth in the applicable federal regulations, the funds are not property of the bankruptcy estate.

## IV. CONCLUSION

Based upon the foregoing, the Court concludes that the funds inherited by the Debtor, and held in trust by the United States, are not property of the estate pursuant to 11 U.S.C. § 541(c)(2). Accordingly, the Trustee's Motion to Compel is DENIED

The Court will execute a separate order incorporating this Memorandum Decision.