453 P.2d 206

**STATE of New Mexico ex rel. Catherine TERRY, Plaintiff-Appellee,**

**v.**

**James TERRY, Defendant-Appellant.**
**No. 8702.**

Supreme Court of New Mexico.
April 14, 1969.

Larry L. Lamb, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Santa Fe, Rozier E. Sanchez, Special Asst. Atty. Gen., Albuquerque, for appellee.

## OPINION

CARMODY, Justice.

The trial court, in a proceeding under the Uniform Reciprocal Enforcement of Support Act, ordered the defendant to pay $50.00 a month for the support of two minor children of the parties, and this appeal is from such order.

The sole question urged by appellant is a claimed denial of due process and equal protection of the law because a defendant can be cross-examined, but there is not an equal opportunity to examine the plaintiff.

The parties were married in Arkansas in 1952. Of the union, two girls were born, who are at present approximately sixteen and fifteen, respectively. The family lived for a time in Bakersfield, California, and separated in August of 1967, Mrs. Terry taking the two children to Milwaukee, Wisconsin. No court proceedings were had to determine proper custody of the two girls, but Mrs. Terry petitioned the Wisconsin court for aid under the Uniform Reciprocal Enforcement of Support Act, alleging that the defendant was living in Albuquerque, New Mexico. Proceedings were had in the Wisconsin court and subsequently certified to the district court in New Mexico, which issued an order directing Mr. Terry to appear and show cause why he should not pay support money as sought by Mrs. Terry in her complaint in Wisconsin. Upon the hearing, Mr. Terry was called as an adverse witness, sworn, but, at the commencement of his examination, objection was made to this procedure because he had no opportunity to examine the plaintiff. The court overruled the objection, then heard rather limited testimony from defendant and entered the order above mentioned.

The argument before us is that § 32-1-4, N.M.S.A.1953, provides that both the husband and wife have equal rights of custody, and that § 57-2-2, N.M.S.A.1953, provides that the husband has the right to choose the place that the family shall live. It is reasoned therefor that the plaintiff, Mrs. Terry, had the burden of refuting Mr. Terry's testimony, which was to the effect that she abandoned the community home in California. The argument does not impress us, as the entire issue has to do with the support of the minor children, not the question of custody nor the choice of abode. Sec. 22-19-27, N.M.S.A.1953, and Blois v. Blois, 138 So.2d 373 (Fla.Dist. Ct.App.1962); Daly v. Daly, 39 N.J.Super.

117, 120 A.2d 510 (1956), aff'd, 21 N.J. 599, 123 A.2d 3 (1956); and Davidson v. Davidson, 66 Wash.2d 780, 405 P.2d 261 (1965).

■■ Our laws have long required the father to support the children, and such a duty is emphasized under the provisions of the Reciprocal Enforcement Act, particularly §§ 22–19–4 and 22–19–7, N.M.S.A. 1953. Mrs. Terry's rather limited testimony appears in the record as her answers to interrogatories, which were filed in the Wisconsin court prior to the entry of that court's order certifying the case to the New Mexico court. Although this testimony is far from complete, at least it would appear to show that the children are in need of support from their father. Based on this record, it was quite proper for the trial court to overrule the objection.

The Uniform Reciprocal Enforcement of Support Act has been adopted in every state of the Union, the District of Columbia and most of the territories, except for the State of New York which promulgated a similar but not identical statute. See, 9C Uniform Laws Annotated 1–71. The issue raised here has been ruled upon in several other jurisdictions, which have, without exception, sustained the constitutionality of the Uniform Act. See, 9C Uniform Laws Annotated, supra, and Annot. 42 A.L.R.2d 768, particularly cases cited at 777, § 2(b), together with supplemental citations 4 A.L.R.2d Later Case Service. Almost directly in point is Smith v. Smith, 125 Cal.App.2d 154, 270 P.2d 613, at 623 (1954), where the court said:

> "That there is no deprivation of due process is clear. When the court of this state receives the papers from the initiating state the defendant is given notice, an opportunity to be heard, by deposition to examine and cross-examine the plaintiff and any witness that may have testified in the initiating state, to examine and cross-examine any witnesses that may testify in this state, to meet opposing evidence, and to oppose with evidence. Thus the requirements of due process are complied with. Morgan v. United States, 304 U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129." (Appellant's petition for a hearing by the supreme court (of California) was denied July 7, 1954.)

Approximately a year later, Whittlesey v. Bellah, 130 Cal.App.2d 182, 278 P.2d 511 (1955) relied upon Smith v. Smith, supra, as authority in rejecting a similar attack on the Uniform Act. There was an attempt to appeal the Whittlesey case to the Supreme Court of the United States, but certiorari was denied, 350 U.S. 821, 76 S.Ct. 47, 100 L.Ed. 734 (1955).

Defendant's claim is neither supported by authority nor by reason or logic. The objection in the trial court and here was that he did not have an opportunity to examine Mrs. Terry. No explanation was made as to why Mrs. Terry's deposition was not taken; there was no attempt to obtain further information from her by way of discovery under the provisions of our rules (Rules 26 through 33 (§§ 21–1–1 (26) through (33), N.M.S.A.1953)), and no continuance was requested. The Reciprocal Act does not violate the Fourteenth Amendment as claimed by the defendant. There is no denial of due process or equal protection of the law.

The judgment of the trial court will be affirmed. It is so ordered.

MOISE and TACKETT, JJ., concur.