479 P.2d 343

**Geraldine Green MASKIL, Plaintiff and Appellant,**

v.

**John Lawrence GREEN, Defendant and Respondent.**

**No. 12109.**

Supreme Court of Utah.

Jan. 4, 1971.

Vernon B. Romney, Atty. Gen., Ronald J. Greenhalgh and Frank V. Nelson, Asst.

Attys. Gen., Salt Lake City, for plaintiff and appellant.

Paul J. Merrill, Spanish Fork, for defendant and respondent.

TUCKETT, Justice:

The plaintiff initiated these proceedings in the state of California to compel the support of the plaintiff and a minor child of the parties by the defendant. The petition was forwarded to the District Court of Utah County and filed therein pursuant to the Uniform Reciprocal Enforcement of Support Act. The court issued an order to show cause which was served upon the defendant. The defendant appeared and moved the court to dismiss the plaintiff's petition on the ground that another case was pending in that court between the parties. The court dismissed the petition and the matter is now before this court for review.

The parties were married in 1949, and in the year 1958 they were divorced in the District Court of Utah County. The decree in the divorce proceedings awarded custody of the minor child of the parties, John Lawrence Green, to the father, and no provision was made therein for the payment of alimony or support money. During the month of June, 1969, the plaintiff came to Utah and subsequently returned to the state of California with the child, John Lawrence Green. These proceedings were

initiated in the state of California some months later.

It would appear that the trial court was of the opinion that the plaintiff should have proceeded in the divorce proceedings to seek a modification rather than by initiating these proceedings. The rule in the ordinary case is that where a second case is commenced between the same parties and dealing with the same subject matter, the second case will be stayed. However, it would appear that the legislature has provided otherwise in this type of proceeding. Section 77–61a–29, U.C.A.1953, as amended, provides as follows:

No proceeding under this act shall be stayed because of the existence of a pending action for divorce, separation, annulment, dissolution or custody proceeding.

We are of the opinion that the court should have proceeded in the present case to determine whether the defendant was under a legal duty to support the plaintiff and the child of the parties. The decisions of the courts of other jurisdictions seem to follow the view that in situations similar to the case before us, a hearing should be entertained under the Reciprocal Support Act to determine that question.[1]

The case is remanded for further proceedings. No costs awarded.

CALLISTER, C. J., and ELLETT, HENRIOD and CROCKETT, JJ., concur.

---

1. Keene v. Toth, 335 Mass. 591, 141 N.E. 2d 509; State of Illinois ex rel. Shannon v. Sterling, 248 Minn. 266, 80 N.W.2d 13; Daly v. Daly, 39 N.J.Super. 117, 120 A.2d 510; Com. ex. rel. Shaffer v. Shaffer, 175 Pa.Super. 100, 103 A.2d 430, 42 A.L.R.2d 761; State ex. rel. Terry v. Terry, 80 N.M. 185, 453 P.2d 206.