Argued March 29, affirmed April 21, 1972

STATE ex rel REED, *Respondent, v.* REED, *Appellant.*

496 P2d 58

*Ira L. Gottlieb,* Legal Aid Service, Portland, argued the cause and filed the brief for appellant.

*Harold H. Hart,* Assistant Chief Deputy District Attorney, Portland, argued the cause for respondent.

With him on the brief was Desmond D. Connall, District Attorney, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Respondent appeals from a final order requiring him to pay $25 per month for support of each of five of his children, all of whom are 14 years of age or less. The children are in the custody of the petitioner (former wife) in Whatcom County, Washington. The petition was filed and processed under the Uniform Reciprocal Enforcement of Support Act, ORS ch 110.

The parties were divorced in Whatcom County. Counsel agreed at trial that the divorce decree and a property settlement agreement upon which it is based required respondent to pay $25 per month support for each of five children. There is no copy of the agreement or decree in the record, nor is there other satisfactory evidence of most of the terms thereof.

Respondent asserts error in that the trial court would not allow written interrogatories to be propounded to petitioner by respondent with respect to petitioner's present condition as to property and income, and what respondent got from the assets they had before and immediately after the divorce. In this respect respondent says he was denied due process of law.

Respondent testified he is unemployed, has been living with a woman whom he described as his "present wife" (there was no other evidence that they had been married), who has two otherwise unsupported children,

and that he has the oldest of his children (child number six) in his custody. He and this group are entirely supported by a welfare grant of $271 per month, which commenced in April 1970. The Washington divorce occurred on November 20, 1970.

During successive hearings on a motion to allow the interrogatories, it became apparent from his testimony and his counsel's argument that although the respondent acknowledged he has a duty to support, he wanted the court to make an order that he should pay nothing—in effect, that the support requirement of the Washington decree be nullified, at least so far as enforcement of it in Oregon is concerned. In making its ruling the trial court said:

"* * * $25 per month per child is less than an acceptable minimum and a reduction below * * * [that] based upon her [petitioner's] income * * * could not be entertained * * *.

"* * * [A] request to find out her capacity to support without his assistance would [be] irrelevant to any issue in a reciprocal support proceeding here.

"If the support was $75 per month per child the Court would not feel that it had an obligation to be bound either by * * * full faith or by comity by the decree of the Bellingham court; but $25 per month is so much less than a minimumly [sic] acceptable child support * * *.

"If you * * * feel that for the purpose of establishing his capacity to pay * * * interrogatories are indispensable, the Court will give you time; but from the standpoint of her capacity to carry the load of five children alone, his course of action is to travel 250 miles [to Whatcom County, Washington], employ a lawyer and modify the decree.

"The Court is bound by that decree except in a situation under the Reciprocal Support Act where

it should establish a sum less by reason of his incapacity to pay \* \* \*."

At another place, in colloquy with counsel, the trial judge made it clear that he distinguished between making the support order and enforcing it through contempt proceedings.

The Act, *inter alia,* provides:

ORS 110.021(2). " 'Duty of support' includes any duty of support imposed or imposable by law, or by any court order, decree or judgment \* \* \*."

ORS 110.031. "The remedies herein provided are in addition to and not in substitution for any other remedies."

ORS 110.251. "\* \* \* Husband and wife are competent witnesses and may be compelled to testify *to any relevant matter* \* \* \*." (Emphasis supplied.)

Evidence was produced that respondent is employable, that he has been referred to the State Employment Service Work Incentive Program, and it was said that he has been cooperative. He testified that before his divorce he was the "owner" of a business worth $50,000, grossing $8,000 to $10,000 per month; that his former wife received the business in the divorce proceeding.

The question here involved is of first impression in Oregon. However, other states have uniformly held that due process requirements are met where the opportunity is given a respondent in uniform support act proceedings to examine the petitioner by deposition or interrogatories. See *Smith v. Smith,* 125 Cal App 2d 154, 270 P2d 613 (1954); *State ex rel. Terry v. Terry,* 80 NM 185, 453 P2d 206 (1969), and cases cited and discussed therein.

The real question here is whether the interrogation sought by respondent was unduly limited by the court. The duty of support is defined by the Act to include any such duty stemming from a decree. The testimony and admissions in argument are minimal, but taken together they showed that the duty in this case arose from such a decree and it was in a sum of $25 per month per child. The respondent wanted to try to prove through interrogatories that petitioner was financially capable of carrying the entire support loan; hence, the $25 per month per child assessed against him, or any amount, was too much. We agree with the trial court that he was seeking to ask irrelevant questions so far as his duty to support is concerned, and that that is the only relevant matter involved in this proceeding.

In *Smith v. Smith,* supra, a uniform support act case in which there are substantial factual similarities to the case at bar, the court said:

"* * * A father, a resident of this state, is under a legal obligation to support his minor child residing in another state and in the legal custody of its mother by virtue of a decree of divorce given to the mother by the courts of the state in which she and the child reside. A parent may not by any act, conduct, or arrangement of whatever sort shift from his shoulders the legal responsibility and moral duty to support his minor child. It is an absolute, inalienable right enjoyed by the child which no form of contract between the parents, nor change of the domestic status of either of them, may affect * * *." 125 Cal App 2d at 164.

We conclude the trial court in the case at bar did not err.

Affirmed.