619 P.2d 1233

**Kathyrine C. MONTOYA, Plaintiff–Appellee,**

v.

**Robert R. MONTOYA, Defendant–Appellant.**

**No. 12918.**

Supreme Court of New Mexico.

Nov. 19, 1980.

McCulloch, Grisham & Lawless, Kathryn Levy, Albuquerque, for appellant.

Harold H. Parker, Albuquerque, for appellee.

## OPINION

FEDERICI, Justice.

Appellee wife brought an action on March 13, 1979 in the District Court of Bernalillo County to modify child support payments. The matter was heard on October 30, 1979. The court found a change in circumstances since a previous decree in 1971, and awarded an increase in child support to appellee, relating back to the date of filing the petition and subtracting one month's obligation for appellee's delay in bringing the matter to trial. The court found that appellant should pay $750 per month for the assessed months between the filing of the petition and trial, $874 per month for six months thereafter, and $750 per month from that time forward. We reverse in part.

In *Gomez v. Gomez*, 92 N.M. 310, 587 P.2d 963 (1978), we held that under Section 40-4-7(C), N.M.S.A.1978, a trial court did not have discretion to modify past, as distinguished from future, child support payments. We also indicated in *Gomez* that the applicable date for any modification is the date of hearing and not the date of filing of the pleading. The vast majority of cases and texts support the rule that *the applicable date for any modification* is the date of filing of the petition or pleading rather than the date of hearing, absent an unreasonable delay in bringing the case to trial by a party, or unless there are unusual circumstances. See 24 Am.Jur.2d, *Divorce and Separation* § 659, (1966); 6 A.L.R.2d 1328 (1949). To the extent that *Gomez* could be interpreted to hold that the applicable date for modification of child support payments should be the date of hearing, rather than the date of the filing of a petition, application or pleading for relief, it is hereby expressly overruled.

Pertinent evidence before the trial court showing a change of circumstances follows: appellee and appellant were divorced in Bernalillo County in 1971. They had two children. The trial court at that time ordered appellant to pay appellee $150 per month for child support, to be increased in 1974 to $175 per month. Appellant was also required to maintain medical coverage on the children. In about 1977, appellant voluntarily increased child support payments to $200 per month. Appellee remarried at some time prior to the 1979 hearing. In August of 1979, appellee lost her job and was receiving disability payments at the time of trial. These payments were to cease in November of 1979. Appellant earned approximately $41,480.64 in 1978. At the time of hearing, the children were ages 12 and 13.

While the above information is relevant, it is insufficient to find a substantial change in circumstances, as required in *Spingola v. Spingola*, 91 N.M. 737, 580 P.2d 958 (1978). In that case we set out ten criteria that were to be considered by the trial court in making a determination to modify child support. In this case, the evidence taken was insufficient to allow the court to enter appropriate findings as mandated in *Spingola*. This cause is remanded to the trial court for the purpose of taking additional evidence on that issue.

IT IS SO ORDERED.

EASLEY, Senior Justice and SNEAD, District Judge, concur.