652 P.2d 228
**Marilyn CHAVEZ, Petitioner-Appellant,**

v.

**Donald A. CHAVEZ,
Respondent-Appellee.**

**No. 14136.**

Supreme Court of New Mexico.

Sept. 14, 1982.

Donald C. Schutte, Albuquerque, for petitioner-appellant.

Hannah B. Best, Albuquerque, for respondent-appellee.

## OPINION

RIORDAN, Justice.

Marilyn Chavez' (Appellant) and Donald A. Chavez' (Appellee) Final Decree for Dissolution of Marriage was entered December 23, 1980. Incorporated in the Final Decree was the parties' Stipulation and Agreement which stated that Appellant was to receive custody of the parties' two minor children and that Appellee was to pay Appellant two hundred dollars ($200.00) a month for child support. On July 17, 1981, Appellant filed a motion to increase child support alleging that the circumstances had materially changed since the entry of the Final Decree and that Appellee should be paying an amount equivalent to that provided by the Second Judicial District's child support guidelines. A hearing on the matter was set for October 27, 1981, however, Appellant successfully moved for a continuance which postponed the hearing until December 7, 1981. At that time, the trial court found that a change in circumstances necessitated an increase of child support from two hundred dollars ($200.00) per month to three hundred dollars ($300.00) per month which would commence January 1, 1982. Appellant appeals.

The issues on appeal are:

I. Whether the trial court abused its discretion by only increasing the child support to three hundred dollars ($300.00) per month whereas the Second Judicial District's child support guidelines recommend five hundred thirty-one dollars ($531.00) per month.

II. Whether the trial court erred, as a matter of law, in failing to apply the increase in child support retroactively to the filing date of the motion for increase.

## I. *Child Support*

■ There must be a substantial change of circumstances to warrant a modification of child support. *Unser v. Unser,* 86 N.M. 648, 526 P.2d 790 (1974); *see* § 40–4–7(C), N.M.S.A.1978. These circumstances must occur subsequent to the adjudication of the previous award. *Unser v. Unser, supra.*

Appellant alleges a substantial change of circumstances because Appellee's gross income has increased by more than $7,000.00 annually since the divorce. Appellee counters alleging that six (6) months prior to Appellant's filing for an increase in child support, Appellant and Appellee signed their Stipulation and Agreement whereby Appellant agreed to two hundred dollars ($200.00) a month in child support in exchange for Appellee assuming approximately $25,000.00 in community debts. The trial court in its findings of fact found a substantial change of circumstances and raised Appellee's child support payments from two hundred dollars ($200.00) to three hundred dollars ($300.00) per month. However, Appellant alleges that the trial court abused its discretion in setting an amount substantially less than that called for in the Second Judicial District's child support guidelines.

■ The award of child support is within the sound discretion of the trial court. *Spingola v. Spingola,* 91 N.M. 737, 580 P.2d 958 (1978). The Second Judicial District's child support guidelines are *guidelines* that the trial court takes into consideration *with the other circumstances of a case* when awarding child support. These guidelines are *not* mandatory amounts that the trial court must use in setting child support payments. When determining child support the trial court may consider any number of circumstances that bear on the parents' ability to provide the needed support. *Id.* On appeal, our scope of review is limited to an examination of the record to determine if the trial court abused its discretion by fixing an amount contrary to all reason. *Id.*

We have reviewed the trial court's findings of fact in which the trial court itemized the Appellant's monthly expenditures. After reviewing the record, we find substantial evidence to support the findings, *First National Bank of Santa Fe v. Wood,* 86 N.M. 165, 521 P.2d 127 (1974), except as to the itemized amount that the trial court found necessary for food. The trial court found that Appellant's monthly food expenses were approximately sixty dollars ($60.00). At the hearing, Appellant stated that she spends approximately one hundred dollars ($100.00) to one hundred fifty dollars ($150.00) a month on food. We find nothing in the record to contradict this amount. Therefore, we find that the trial court abused its discretion in finding an itemized amount of sixty dollars ($60.00) a month for food. *Getz v. Equitable Life Assur. Soc. of U. S.,* 90 N.M. 195, 561 P.2d 468, *cert. denied,* 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977). We direct the trial court to increase the support by an amount between forty dollars ($40.00) and ninety dollars ($90.00) per month to conform with the evidence.

## II. *Filing Date*

■ The trial court in its conclusions of law held that the child support increase would become effective on January 1, 1982. Appellant argues that in accordance with *Montoya v. Montoya,* 95 N.M. 189, 619 P.2d 1233 (1980), the increase should apply retroactively to the July 17, 1981 filing date. *Montoya v. Montoya, supra,* holds that:

[T]he applicable date for any modification is the date of filing of the petition or pleading rather than the date of hearing, absent an unreasonable delay in bringing the case to trial by a party, or unless there are unusual circumstances.

*Id.* at 190, 619 P.2d at 1234. However, at the December 7, 1981 hearing, Appellant testified to her *present* needs. The trial court in its findings of fact itemized the Appellant's *present* monthly expenditures. Therefore, since the trial court was dealing with Appellant's *present* needs, we find no abuse of discretion in the trial court's determination of the effective date for the increase in child support.

We remand this case to the trial court for further proceedings not inconsistent with this opinion. Both parties shall bear their own attorney's fees and costs on this appeal.

IT IS SO ORDERED.

SOSA, Senior Justice, and C. FINCHER NEAL, Judge, Court of Appeals, concur.