657 P.2d 125

**Mary Helen (Lekvold) HENDERSON, Petitioner-Appellee,**

v.

**Gary Louis LEKVOLD, Respondent-Appellant.**

**No. 14036.**

Supreme Court of New Mexico.

Jan. 3, 1983.

Rehearing Denied Jan. 21, 1983.

Spann, Latimer & Hollowwa, E. Douglas Latimer, Albuquerque, for respondent-appellant.

Miller & Associates, Roy F. Miller, Jr., Hartley Wess, Albuquerque, for petitioner-appellee.

## OPINION

RIORDAN, Justice.

Mary Helen [Lekvold] Henderson (Petitioner) and Gary Louis Lekvold (Respondent) were divorced in 1977. The final decree incorporated a stipulation of the parties providing for Respondent to pay child support of a stated amount, and further providing for an increase in his child support payment in accordance with the Second Judicial District Child Support Guidelines if he receives pay increases. In 1978, a dispute arose as to the proper amount of support to be paid by Respondent based on his income. Petitioner demanded $345.00 per month, while Respondent insisted that his obligation was $315.00 per month. This $30.00 difference of opinion resulted in motions being filed by both parties. Petitioner filed a motion to increase support and Respondent filed a motion to decrease the support obligation. The trial court, after a hearing, reduced Respondent's monthly obligation to $100.00 per month. Petitioner appealed, and we reversed. *Henderson v. Lekvold,* 95 N.M. 288, 621 P.2d 505 (1980) (*Henderson I*). A judgment on the mandate was entered and the trial court held another hearing for a determination of child support (including arrearages) and attorney's fees pursuant to the mandate. On remand, the trial court ruled that the child support not be reduced and determined the amount of arrearages owed by Respondent. The trial court also awarded Petitioner the sum of $15,903.18 for attorney's fees (Petitioner is also requesting additional attorney's fees for this appeal). Respondent appeals. We reverse.

The issues on appeal are:

I. Whether the trial court erred in setting the amount of child support.

II. Whether the trial court erred in awarding $15,903.18 in attorney's fees to Petitioner.

## I. *Child Support*

In *Henderson I,* we held that the trial court erred in reducing Respondent's child support obligation to $100.00 per month. On remand, the trial court determined that the child support not be reduced and calculated Respondent's arrearages by applying Respondent's income to the Child Support Guidelines of the Second Judicial District in Bernalillo County as specified by the stipulation of the parties, signed at the time of the divorce. The trial court found that Petitioner should have judgment against Respondent for accrued child support arrearages in the sum of $10,044.00 pursuant to the stipulation.

Respondent now alleges on appeal that at the second hearing the trial court erred in rigidly setting the amount of child support at the Guideline amount because the trial court ignored the fact that although Petitioner had no income at the time of the first hearing in *Henderson I,* she was employed at the time of the second hearing. Respondent also claims that the trial court ignored his recently filed Chapter 13 Bankruptcy Petition which affects his ability to meet his financial obligation. We agree with Respondent that the trial court may and should consider these factors. *See Chavez v. Chavez,* 98 N.M. 678, 652 P.2d 228 (1982).

In *Henderson I,* we held that the trial court erred in refusing to enforce the terms of the original decree and stated, "[i]t is clear that Lekvold knew that he was supposed to conform to the Guidelines as concerns his salary increases and consequent increases in child support payments." *Id.* 95 N.M. at 293, 621 P.2d at 510. However, the evidence presented at the second hearing clearly shows that both Petitioner and Respondent have incurred substantial changes in their incomes and in their expenses.

■ We recognize that an award of child support is within the sound discretion of the trial court. *Chavez v. Chavez, supra; Spingola v. Spingola,* 91 N.M. 737, 580 P.2d 958 (1978). Similarly, we recognize that past accrued child support obligations have since vested and may not be modified. *Mathews v. Mathews,* 1 Wash.App. 838, 466 P.2d 208 (Ct.App.1970); *see also Martinez v. Martinez,* 98 N.M. 535, 650 P.2d 819 (1982). Nevertheless, a trial court's finding which is not supported by substantial evidence and which has been properly attacked, cannot be sustained on appeal. *Getz v. Equitable Life Assur. Soc. of U.S.,* 90 N.M. 195, 561 P.2d 468, *cert. denied,* 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977).

■ In its finding, the trial court specifically found that, "[t]here has been no substantial change in petitioner's ability to support the minor children of the parties." The record indicates that at the time of the first hearing in August 1979, Petitioner was

unemployed and was being supported by her husband of a subsequent marriage. However, a review of the record from the second hearing clearly indicates that she became employed about a week after the first hearing and that her take-home salary was approximately $14,000.00 per year. The trial court cannot ignore this substantial change in Petitioner's circumstances in determining whether to continue to follow the Guidelines rather than setting some other amount. *See Chavez v. Chavez, supra.* As we stated in *Henderson I,* "*both parents still have the duty to support their minor children*". *Id.* 95 N.M. at 292, 621 P.2d at 509 (emphasis added).

■ Therefore, we remand to the trial court with instructions to review the amount of child support which was ordered at the time Petitioner began working after the first hearing, in order to determine if child support should be changed from the Guideline amount. The Child Support Guidelines are merely guidelines, not rigid amounts which must be followed regardless of other factors that bear on the amount of child support. *Chavez v. Chavez, supra.*

II. *Attorney's Fees*

■ On remand of *Henderson I,* we directed the trial court to fix the attorney's fees for the trial and appeal of the previous case. We did not, however, mean to imply that the trial court must set attorney's fees in the amount requested. Regardless of the agreement between Petitioner and her attorneys, the trial court has the authority and obligation to set attorney's fees in an amount that is reasonable, *considering all factors,* including but not limited to the nature of the proceeding, the complexity of the issues, recovery sought and recovered, and the ability of the parties' attorneys. *Michelson v. Michelson,* 89 N.M. 282, 551 P.2d 638 (1976). To these considerations, we specifically add the needs of the party with custody and the ability of both parties to pay. *See Allen v. Allen,* 98 N.M. 652, 651 P.2d 1296 (1982). We have consistently held that it is within the discretion of the

trial court to determine whether to award attorney's fees and to determine the amount of the fees, and that we will only reverse the trial court's determination if there has been an abuse of discretion. *Seymour v. Seymour,* 89 N.M. 752, 557 P.2d 1101 (1976); *Michelson v. Michelson, supra.*

In the present case, which began over a dispute of *$30.00* per month, Petitioner asked for over $15,000.00 in attorney's fees which the trial court granted. The trial court ordered that Respondent should pay Petitioner's attorney's fees in the amount of $15,903.18. We believe that such an award is absurd in light of all the factors which a trial court must consider in awarding attorney's fees. Therefore, we find that the trial court abused its discretion in this award of attorney's fees. Rather than remanding this case for further consideration of attorney's fees, with some hesitation, we order Respondent to pay a total of $2,500.00 to Petitioner for attorney's fees in this *entire* matter, including this appeal.

The case is remanded to the trial court for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

PAYNE, C.J., and SOSA, Senior Justice, concur.