684 P.2d 1177

**STATE of New Mexico ex rel. Janulee ALLEMAN, Petitioner-Appellee,**

v.

**John Hiram SHOATS, Respondent-Appellant.**

**No. 7593.**

Court of Appeals of New Mexico.

July 10, 1984.

**514**

Arthur A. Greenfield, P.C., Michael Schneider, Albuquerque, for respondent-appellant.

Steven H. Schiff, Dist. Atty., George A. Morrison, Deputy Dist. Atty., Albuquerque, for petitioner-appellee.

## OPINION

DONNELLY, Chief Judge.

Respondent appeals from a judgment of the district court in an action brought under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), NMSA 1978, Sections 40–6–1 to 40–6–41 (Repl.Pamp.1983), ordering him to pay monthly child support for his two minor children. Two issues are raised on appeal: (1) lack of jurisdiction; and (2) abuse of discretion in amount of award. We affirm.

The State of New Mexico, on behalf of Janulee Alleman (petitioner), filed a petition to enforce child support obligations against respondent, who resides in Bernalillo County. Petitioner's amended petition alleged that she and the respondent were married in El Paso, Texas, in 1964, and that four children were born of their marriage, two of whom are still minors. Petitioner further alleged that the two minor children reside with her in Missouri and that respondent has refused and neglected to pay reasonable child support. Petitioner alleged that respondent was "in arrears with his child support in the amount of $11,325.00 as of August 31, 1982," but that petitioner was willing to waive all but $5,850.00 of past due support.

Attached to the petition was an exemplified copy of a divorce decree filed February 5, 1979, entered by the Circuit Court of Cass County, Missouri. The decree dissolved the marriage relationship of the parties, awarded custody of the minor children to petitioner, and ordered respondent to pay child support in the amount of $75.00 per month for each of the two minor children. Also accompanying the amended petition was a copy of a document entitled "Testimony of Petitioner," which contains petitioner's sworn testimony relating to her action.

Respondent did not deny that he is the father of the two minor children, or owes a duty of support. However, he challenged the jurisdiction of the New Mexico court in the RURESA action to order child support. He also attacked the validity of the Missouri divorce decree on the grounds that the provisions of the judgment ordering the payment of child support were void for lack of personal jurisdiction.

Following the filing of the RURESA petition on November 23, 1982, in New Mexico, the district court appointed a special master to conduct a hearing. Respondent testified at the hearing. Respondent argued that no arrearages should be awarded because the Missouri court lacked personal jurisdiction over him at the time the divorce decree had been entered.

Following the hearing the special master filed his report with the district court. The special master found that service of process had not been effected so as to confer personal jurisdiction upon respondent by the Missouri court in the divorce proceeding and that the Missouri court was without sufficient jurisdiction to enter a valid judgment against respondent requiring the payment of child support. The special master also found that "Respondent is the father of and responsible for the support of the following minor children: Tonya Shoats born November 20, 1973 and Jana Shoats born February 25, 1975." The findings further determined that respondent had subsequently remarried, he now has a stepchild, and his net income is $457.08 every two weeks. The special master additional-

ly found that petitioner had also remarried, was residing in the house awarded to her by the Missouri court, and that the only evidence concerning the needs of the children was contained in the "Testimony of Petitioner." In that document, petitioner stated that she needed "$75.00 per month per child, plus arrearages ...."

The special master recommended that respondent be ordered to pay $275.00 per month beginning November 15, 1983, as child support, and that he be adjudicated to owe arrearages in the sum of $3,025.00 for the period from November, 1982, through October, 1983. No child support arrearages based upon the Missouri divorce decree were approved. The amount of the arrearages determined to be owing were computed in accordance with the child support guidelines adopted by the Second Judicial District. Arrearages were ordered to be paid in the amount which respondent was found able to pay, effective from the date of the filing of the RURESA action in New Mexico.

## I. *Jurisdiction*

Respondent contends that the district court lacked jurisdiction to order him to pay child support and to grant a judgment for child support arrearages because the Missouri court had not obtained in personam jurisdiction over him at the time of the divorce proceeding, and because the New Mexico court found that the provisions of the Missouri decree ordering the payment of child support were not entitled to full faith and credit. Respondent was served in the Missouri divorce proceeding by constructive service. Respondent further asserts that the district court in New Mexico exhausted its jurisdiction when it refused to give full faith and credit to the Missouri court decree.

■ Respondent misconstrues the effect of proceedings brought to enforce child support obligations under the provisions of RURESA as adopted in this state. The

purpose of RURESA is to enable a dependent in one state to initiate proceedings in the state of his or her domicile for the purpose of securing money for support from a person residing in another state (the responding state) who is legally liable for the support of a dependent. *State ex rel. Arvayo v. Guerrero*, 21 Ariz.App. 173, 517 P.2d 526 (1973); *see also* Annot., 42 A.L. R.2d 768 (1955).

A RURESA action envisages the commencement of the action by the obligee in the initiating state and a determination that the obligor owes a duty of support and that his property may be subject to the jurisdiction in a responding state. NMSA 1978, § 40–6–14 (Repl.Pamp.1983).

The legislation is intended to provide an inexpensive means to enforce support obligations. *Altman v. Altman*, 101 N.M. 380, 683 P.2d 62 (Ct.App.1984). The act provides remedies in addition to, and not in substitution for, any and all other remedies existing in the initiating and responding states, and furnishes an auxiliary or supplementary remedy in the responding state for the enforcement of orders of support. NMSA 1978, § 40–6–3 (Repl.Pamp.1983). *See also Ray v. Pentlicki*, 375 So.2d 875 (Fla.App.1979); *State ex rel. Arvayo v. Guerrero*.

■ The role of the trial court in the responding state is to determine whether the parent owes a duty of support and, if duty is found to exist, to order enforcement of that duty. NMSA 1978, §§ 40–6–18, 40–6–19 and 40–6–23 (Repl.Pamp.1983). The RURESA authorizes both the finding and enforcement of a duty of child support by the responding state, even where a duty of support has not been previously adjudicated in the initiating state, *Clarkston v. Bridge*, 273 Or. 68, 539 P.2d 1094 (1975); *Daly v. Daly*, 21 N.J. 599, 123 A.2d 3 (1956); and irrespective of the existing relationship between the parties. *Davis v. Davis*, 246 Iowa 262, 67 N.W.2d 566 (1954).

■ In a RURESA proceeding initiated in another state and filed in the district

court in New Mexico as the responding state, all that is needed for proper jurisdiction is the presence of the person owing support in New Mexico, the presence of the child or person owed support in another state, and the existence of a duty of support under the laws of the responding state. *Natewa v. Natewa*, 84 N.M. 69, 499 P.2d 691 (1972). Under NMSA 1978, Sections 40-6-4 and 40-6-7 (Repl.Pamp.1983), the duty of support imposed by the laws of this state or the laws of the state where respondent was present for any period during which support is sought are binding upon the respondent regardless of the presence or residence of the petitioner-obligee.

■■■■ The requisites spelled out in *Natewa* were present in the instant case. In *State ex rel. Terry v. Terry*, 80 N.M. 185, 453 P.2d 206 (1969), it was held that under New Mexico law a parent has a duty to support his or her minor children, the obligation is enforceable under RURESA, and such obligation is not dependent upon the prior entry of a decree of legal separation or dissolution of marriage. A petition filed in this state under RURESA seeking enforcement of child support is not barred by a showing that there is a pending action in New Mexico or some other state for divorce, separation, annulment, dissolution, habeas corpus, adoption or custody between the same parties, or by the fact that another court may have already issued a support order in another proceeding and retained jurisdiction for its enforcement. NMSA 1978, § 40-6-11(B) (Repl.Pamp. 1983).

The district court had subject matter jurisdiction to order respondent to pay child support. NMSA 1978, § 40-4-7 (Repl. Pamp.1983). The power of the district court in this state acting as the responding court is not limited to enforcement of the support order of the initiating state. *See Olson v. Olson*, 534 S.W.2d 526 (Mo.App. 1976).

Respondent also contends under his first point that the district court erred in finding duty of support independent of the purported order of the Missouri court. Respondent contends that under the holding in *Zarges v. Zarges*, 79 N.M. 494, 445 P.2d 97 (1968), even when a court has general jurisdiction, it does not have the power to determine questions which are not presented to it by the parties in their pleadings and in the manner and form prescribed by law. The petition in this case, however, reveals that petitioner sought the entry of "an order for support, directed to * * * respondent, as shall be deemed to be fair and reasonable * * * and for such other and further relief as the law provides."

In this posture the district court had jurisdiction to order respondent to pay monthly child support. Moreover, nothing in the record before us indicates that respondent raised the issue of the sufficiency of the pleadings on this matter in the trial court. Issues may not be raised for the first time on appeal unless they come within one of the exceptions enumerated in NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App. Rule 308 (Repl.Pamp.1983). *State v. Aranda*, 94 N.M. 784, 617 P.2d 173 (Ct.App.1980). The exceptions stated in Rule 308 do not apply to the case at bar.

The district court had both subject matter and personal jurisdiction in the action herein.

## II. *Amount of Award*

Respondent contends that, even if the district court had jurisdiction to order the payment of child support under the RURESA action, the court erred in setting the amount of the award and the award was not supported by evidence.

■■■■ In considering this contention we are confronted at the outset with a defect in the record before us. The record on appeal does not contain any testimony presented before the special master and no timely objection to the failure to transcribe the proceedings appears of record. It is the duty of a party on appeal to see that a

 

proper record has been made of the trial court's proceedings. *Niederstadt v. Ancho Rico Consolidated Mines,* 88 N.M. 48, 536 P.2d 1104 (Ct.App.), *cert. denied,* 88 N.M. 29, 536 P.2d 1085 (1975). Respondent had the duty to request a record of the testimony and evidence before the special master. *See* NMSA 1978, Civ.P.R. 53(c) (Repl.Pamp. 1980).

Where the record is incomplete, the ruling of the trial court is presumed to be supported by the evidence, and one seeking to challenge the sufficiency of the evidence on appeal has the burden of establishing the error in the record below. *See Michael v. Warner/Chilcott,* 91 N.M. 651, 579 P.2d 183 (Ct.App.), *cert. denied, Robbins v. Michael,* 91 N.M. 610, 577 P.2d 1256 (1978). Because this court cannot review matters outside the record, *State v. Gilbert,* 100 N.M. 392, 671 P.2d 640 (1983), *cert. denied,* — U.S. ——, 104 S.Ct. 1429, 79 L.Ed.2d 753 (1984), there is nothing to review regarding respondent's attack on the validity of the award. The award was based upon evidence not before this court and accordingly, the ruling of the trial court will not be disturbed.

Respondent further asserts that since the Missouri court found that the amount of child support which was needed by petitioner was $75.00 per month per child, it was error for the New Mexico court to award a different sum, an amount in excess of that which the Missouri tribunal found was needed or to grant arrearages. We disagree.

The responding state in a RURESA proceeding has the authority to make an independent finding on the amount of support necessary for the maintenance of a minor child, regardless of the amount which may have been set by another court. *Jaramillo v. Jaramillo,* 27 Wash.App. 391, 618 P.2d 528 (1980); *Olson v. Olson; Whittlesey v. Bellah,* 130 Cal. App.2d 182, 278 P.2d 511 (1955). Moreover, in a RURESA action a responding court has discretionary equitable power to make an order of child support retroactive to the date a complaint is received and filed with the responding state. *Sedelmeyer v. Sedelmeyer,* 167 N.J.Super. 175, 400 A.2d 571 (1979); *see also Henderson v. Lekvold,* 99 N.M. 269, 657 P.2d 125 (1983); *Chavez v. Chavez,* 98 N.M. 678, 652 P.2d 228 (1982); *Montoya v. Montoya,* 95 N.M. 189, 619 P.2d 1233 (1980).

The order of the district court ordering the payment of child support commencing as of the date of the filing of the petition for RURESA in this state is affirmed.

IT IS SO ORDERED.

HENDLEY and ALARID, JJ., concur.